# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| KEVIN SCOTT TURNER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 4:12-CV-51-TLS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kevin Scott Turner, a prisoner proceeding pro se, is serving an aggregate 30-year sentence for a robbery conviction and habitual offender adjudication in Tippecanoe County. *State v. Turner*, 79D02-0305-FB-0043. He has filed a habeas petition pursuant to 28 U.S.C. § 2254 [ECF No. 1]. The Court is obligated to review the Petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" Rule 4 of the Rules Governing Section 2254 Cases. For the reasons stated below, the Petition is dismissed as untimely.

In deciding the Petition, the Court must presume the facts set forth by the state court are correct, and it is Turner's burden to rebut this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals set forth the facts underlying Turner's conviction as follows:

> On the morning of May 13, 2003, Turner, Reginald Turner (Reginald), and Cynthia Lacey (Lacey) drove to a Fifth Third Bank in Lafayette, Indiana. While Lacey stayed in the car as the getaway driver, Turner and Reginald robbed the bank. During the robbery, Reginald brandished a handgun, and Turner took money from a teller. After fleeing the bank, Lacey drove them away in a Chevrolet Malibu. Shortly thereafter, all three were arrested.
>
> On May 15, 2003, the State filed an information, charging Turner with Count I, robbery while armed with a deadly weapon, a Class B felony, I.C. § 35–42–5–1; and

> Count II, conspiracy to commit robbery, a Class B felony, I.C. §§ 35–41–5–2, 35–42–5–1. On the same day, the State also filed its Notice of Intention to file Information of Habitual Offender. On June 3, 2003, the State filed an additional information, charging Turner with Count III, theft, a Class D felony, I.C. § 35–43–4–2; five counts of confinement while armed with a deadly weapon, all Class B felonies, I.C. § 35–42–3–3(a)(l)(B)(2); and Count IX, resisting law enforcement, a Class D felony, I.C. § 35–44–3–3. Thereafter, on October 18, 2004, the State filed an information, charging Turner with Count X, habitual offender, I.C. § 35–50–2–8.
>
> On October 19, 2004, in accordance with a plea agreement, Turner agreed to plead guilty to Count I, robbery while armed with a deadly weapon, as a Class B felony, and admit to Count X, habitual offender, in exchange for the dismissal of the remaining counts. On the same day, the trial court held a guilty plea hearing, following which, the trial court took Turner's Plea Agreement and guilty plea under advisement. On December 13, 2004, Turner filed a motion to withdraw his guilty plea. On December 29, 2004, counsel for Turner filed an additional motion to withdraw Turner's guilty plea. On January 6, 2005, the trial court held a hearing on Turner's Motion. During the hearing, the trial court denied Turner's Motion. On the same day, the trial court held a guilty plea and sentencing hearing. Following the hearing, the trial court accepted Turner's plea agreement, and sentenced him to ten years for robbery while armed with a deadly weapon and enhanced his sentence by twenty years for adjudication as an habitual offender.

*Turner v. State*, No. 79A02-0502-CR-129, slip op. at *2–3 (Ind. Ct. App. Sept. 6, 2005). Turner appealed, arguing that the trial court erred in denying his motion to withdraw his guilty plea. *Id.* at *2. On September 6, 2005, the Indiana Court of Appeals affirmed. *Id.* at *2–6. Turner did not seek review in the Indiana Supreme Court. (Pet. 2.)

On January 9, 2006, Turner filed a petition for post-conviction relief alleging ineffective assistance of counsel in connection with his guilty plea, ineffective assistance by appellate counsel, error by the trial court in allowing the state to file the habitual offender charge beyond the statutory deadline, and other grounds. (Pet. 3; ECF No. 1-4 at 8–17.) The trial court denied the petition. (ECF No. 1-4 at 8-17.) The Indiana Court of Appeals affirmed. *Turner v. Indiana*, No. 79A05-0706-PC-336 (Ind. Ct. App. Jan. 9, 2008). On April 30, 2008, the Indiana Supreme Court denied Turner's petition to transfer. *Id.* (Ind. Apr. 30, 2008.)

In July 2010, Turner sought leave in the Indiana Court of Appeals to file a successive post-conviction petition alleging a claim of prosecutorial misconduct. (ECF No. 1-5 at 1–17.) On September 20, 2010, his request was denied. (*Id.* at 19.) In March 2012, Turner again sought leave to file a successive post-conviction petition, this time alleging variations on his claim that counsel provided ineffective assistance in connection with his guilty plea. (ECF No. 1-6 at 1–20.] On April 27, 2012, his request was denied. (*Id.* at 21.)

On September 26, 2012, Turner tendered his federal habeas petition to prison officials for mailing. (Pet. 20.) In it he raises the following claims: (1) the trial court erred in allowing the state to belatedly file the habitual offender charge; (2) his trial counsel was ineffective because he unduly pressured him to plead guilty; (3) counsel was operating under a "conflict of interest" because he wanted Turner to plead guilty whereas Turner wanted to proceed to trial; (4) counsel failed to adequately represent him at the hearing on his motion to withdraw his guilty plea; (5) counsel failed to adequately represent him at sentencing; and (6) the trial court erred at sentencing by failing to take into account that he and his attorney had experienced a "complete breakdown in communication." (Pet. 5–18.)

Turner's Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under the AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As recounted above, Turner did not seek direct review in the Indiana Supreme Court, and so his conviction became final when the time for doing so expired on October 6, 2005. *See* Ind. App. R. 57(C) (petition to transfer must be filed within 30 days of appellate court judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653–54 (2012) (when a state prisoner does not seek direct review in the state supreme court, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). He had one year from that date to seek federal habeas relief, absent any period of tolling.

Turner filed his state post-conviction petition on January 9, 2006; by that time 95 days had elapsed on the federal clock. (*See* Pet. 3.) The filing of the petition tolled the deadline under 28 U.S.C. § 2244(d)(2), and the deadline remained tolled until the post-conviction proceedings came to a conclusion on April 30, 2008, when the Indiana Supreme Court denied Turner's petition to transfer. *See Turner*, No. 79A05-0706-PC-336 (Ind. Apr. 30. 2008). At that time, Turner had 270 days remaining (or until January 26, 2009) to seek federal habeas relief. He did not do so, and instead he waited until September 2012 to file his federal habeas petition.

Although in the interim he twice sought leave to pursue successive post-conviction petitions in state court, the federal deadline was not tolled while these filings were pending. *Powell v. Davis*, 415 F.3d 722, 726–27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending). Therefore, this Petition is untimely by more than three years.

When asked to explain why his Petition is timely under the provisions of 28 U.S.C. § 2244(d), Turner states as follows:

> On March 21, 2012, the United States Supreme Court released a hallmark opinion that when a lawyer unethically or gives [sic] clearly wrong advice the defendant may be entitled to a second chance at accepting a plea offer. This NEW change to existing laws apply directly to my case, and warrants immediate relief. LAFLER v. COOPER & MISSOURI v. FRYE.

(Pet. 20.) Although unclear, Turner may be attempting to invoke 28 U.S.C.§ 2244(d)(1)(C), which provides that a claim must be raised within one year of the date "on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" He appears to be relying on two recent Supreme Court cases pertaining to ineffective assistance of counsel at the plea bargain stage. *See Missouri v. Frye*, 132 S. Ct. 1399 (U.S. Mar. 21, 2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (U.S. Mar. 21, 2012). To the extent Turner is arguing that these two cases restarted the one-year period for him to seek federal habeas relief, his argument is unavailing.[1]

---

[1] At best 28 U.S.C. § 2244(d)(1)(C) would only apply to Turner's second, third, and fourth claims, since his other claims do not involve counsel's performance at the plea bargain stage. (*See* Pet. 3–18.] He has not offered any basis for finding the remaining claims timely.

5

A case announces a new rule of constitutional law when it "breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In other words, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* As the Seventh Circuit recently held, neither *Frye* nor *Lafler* broke new ground or imposed a new obligation on the states or the federal government. *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012). Instead, the Supreme Court simply applied long-standing precedent—most notably *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985)—to hold that the defendants were denied the effective assistance of counsel under the circumstances presented. *See Hare*, 688 F.4d at 879–80. Both *Strickland* and *Hill* were decided long before Turner's conviction became final. Accordingly, these recent Supreme Court cases cannot be used to restart the limitations period under 28 U.S.C. § 2244(d)(1)(C).[2] Turner has not provided any other grounds for excusing the untimeliness of his Petition, and accordingly, the Petition must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

[2] Even if Turner could somehow overcome this hurdle, the two cases he cites are of little help to him since they involve situations where counsel's mistakes prevented the defendant from accepting a plea offer. *Frye*, 132 S. Ct. at 1404–06 (counsel was deficient in failing to communicate a written plea offer to the defendant before it expired); *Lafler*, 132 S. Ct. at 1385–90 (where the defendant was prejudiced by counsel's deficient performance in advising him to reject the state's plea offer, the appropriate remedy was to permit him another opportunity to accept the plea). Here, by contrast, Turner's claim is that counsel unduly pressured him to accept the plea bargain offered by the state. (Pet. 8–16.)

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Turner's petition was late by more than three years. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Turner to proceed further. Accordingly, the Court declines to issue Turner a certificate of appealability.

For these reasons, the Petition [ECF No. 1] is **DISMISSED** as untimely pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the Court **DENIES** the Petitioner a certificate of appealability.

SO ORDERED on October 9, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION